UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Superior Beverage Group, Ltd.** | ) | **CASE NO. 4:08 CV 2324** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **The Wine Group, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon the March 18, 2009 letter raising a discovery dispute between the parties. The Court indicated that it would treat the letter as a motion. It is now ripe for review. This case involves the termination of a distributorship. For the reasons that follow, the motion is GRANTED in PART.

### FACTS

Plaintiff, Superior Beverage Group, Ltd., brought this action against defendant, The Wine Group, Inc., alleging wrongful termination of certain brands of a wine distributorship. This Court previously ruled that defendant properly terminated the distributorship after the

assignment of the brands at issue.  It appears that the only remaining issue is the "diminished value" of plaintiff's business that occurred as a result of the loss of the brands.  Defendant propounded discovery requests seeking to obtain financial records.  Many of the requests seek documents dating back to 1994.  Plaintiff objected to the requests, but did produce some responsive documents.  Defendant, unhappy with the response, sent a letter to the Court seeking assistance in resolving the dispute.  The Court treated the letter as a motion to compel.  Plaintiff opposes the motion.

## **ANALYSIS**

Plaintiff does not object to specific interrogatories or requests for production of documents.  Rather, plaintiff objects to the requests on three generalized bases.

According to plaintiff, counsel's "practice in this area of the law" demonstrates that these cases settle for approximately two-and-a-half to ten times the gross profit from the previous year.  According to plaintiff, it has already produced discovery relating to this issue.  In addition, plaintiff argues that defendant is aware of the financial information it seeks because defendant spent extensive time researching the profitability of the brands.  Thus, plaintiff claims that defendant is equipped to compute damages.  Defendant argues that plaintiff is impermissibly attempting to shift the burden of proof.  This Court agrees.  The fact that defendant may already have in its possession some information regarding the value (or diminished value) of the brands does not relieve plaintiff from producing the discovery in its possession.  Accordingly, plaintiff's argument is rejected.

Plaintiff further argues that financial information dating back to 1994 is not relevant to the calculation of diminished value.  Plaintiff points out that the Ohio legislature passed

legislation effective April 7, 2009, outlining certain information required to prove diminished value. Specifically, the statute provides,

> ...the distributor shall provide the successor manufacturer with the three previous years of financial statements and other relevant and reasonably necessary financial information regarding the diminished value of the distributor's business.

O.R.C. § 1333.851(B)(1).

In response, defendant argues that the statute is not in effect yet and does not apply to this dispute in any event.  In addition, defendant claims that plaintiff put financial information for the past 14 years at issue.  Defendant points out that plaintiff alleges that the distributorship began in 1994 and that plaintiff expended a substantial amount of time and money promoting the brands over the years.

Upon review, the Court concludes that plaintiff need only respond to discovery for the three year period preceding the termination.  While the Court acknowledges that the provision of the Ohio Revised Code cited by plaintiff may not apply to this case, the Court finds that the provision offers guidance for determining a reasonable time period for the review of financial records.  The purpose of the statute is to resolve these types of disputes quickly.  To that end, the Court finds that defendant's requests, which seek nearly every financial document in plaintiff's possession spanning the past 14 years, is overly broad.  Rather, the Court finds that plaintiff must respond to the requests, but only for the three years preceding the termination.

Plaintiff also argues that the financial information defendant seeks is confidential and sensitive.  Plaintiff claims that it is concerned that its competitors may ultimately have access to the data.  Defendant points out that it is willing to agree to a confidentiality agreement.  Plaintiff offers no reason why a confidentiality agreement would not protect its interests.  Accordingly,

the Court rejects plaintiff's argument that it need not produce the information.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to compel is GRANTED in PART, as set forth herein.

IT IS SO ORDERED.


                                                /s/ Patricia A.Gaughan
                                                PATRICIA A. GAUGHAN
                                                United States District Judge

Dated: 4/1/09